IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AFSAR BACHA,

     Plaintiff,                     No. CIV S-06-0847 KJM

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.                ORDER
_____/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment and remand for immediate payment of benefits.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated June 23, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of degenerative joint disease and degenerative disc disease of the lumbar spine but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform a reduced range of light work; using Medical-Vocational Rule 202.17 as a framework for decision-making in conjunction with vocational testimony, there are significant number of jobs in the national economy that plaintiff could perform; and plaintiff is not disabled.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

1  Administrative Transcript ("AT") 26-27.  Plaintiff contends the ALJ committed several errors;
2  plaintiff's contention that he meets Listing 1.04A is dispositive.[2]

3  II.  Standard of Review

4        The court reviews the Commissioner's decision to determine whether (1) it is
5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
6  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
7  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
8  Substantial evidence means more than a mere scintilla of evidence, but less than a
9  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
10 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
11 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
12 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
13 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
14 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
15 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
16 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
17 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
18 substantial evidence supports the administrative findings, or if there is conflicting evidence
19 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
20 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
21 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
22 1335, 1338 (9th Cir. 1988).

23 /////

---

[2] Plaintiff references Listing 1.04B in his opening brief but relies on Listing 1.04A in setting forth the reasons why plaintiff contends he meets a Listing.  Pl.'s Mem. in Supp. Summ. J. at 13, 14:20-15:15.

III. <u>Analysis</u>

Plaintiff contends he meets Listing 1.04 (disorders of the spine) because of his degenerative disc disease of the lumbar spine. The Social Security Regulations "Listing of Impairments" is comprised of impairments to certain categories of bodily systems and/or diseases severe enough to preclude a person from performing gainful activity. <u>Young v. Sullivan</u>, 911 F.2d 180, 183 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe as to be irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. <u>Key v. Heckler</u>, 754 F.2d 1545, 1550 (9th Cir. 1985). If a claimant's impairment or combination of impairments meets or exceeds a "listing," no specific finding is necessary as to the claimant's ability to perform his or her past relevant work or any other jobs. 20 C.F.R. § 404.1520(d).

Listing 1.04A requires:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscles weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

The ALJ concluded plaintiff did not meet this listing because no doctor opined that plaintiff met Listing 1.04A, specifically relying on the opinions of the state agency physicians.[3] AT 18, 118-125, 167-183. Substantial evidence, however, does not support the ALJ's finding. The state agency physician who addressed plaintiff's physical impairments did not have available the report of the examining orthopedist, Dr. Manhart. AT 124, 145-148. Although the state agency physician had Dr. Manhart's report available for review on reconsideration, for the reasons set forth by the ALJ, the court concludes Dr. Manhart's findings
/////

---

[3] The consulting orthopedist, Dr. Manhart, did not specifically opine whether plaintiff met a Listing and there is no evidence in the record that he was requested to do so.

4

1  must be accorded more weight because Dr. Manhart actually examined plaintiff and is a
2  specialist in orthopedics.  AT 22-23, 170-171.

3  When Dr. Manhart's opinion is accorded proper weight, review of the whole
4  record supports plaintiff's assertion that he meets all the requirements of Listing 1.04A.  As a
5  preliminary matter, the ALJ found plaintiff has degenerative disc disease and as Dr. Manhart
6  noted, the MRI evidenced "congenitally narrowed spinal canal with a desiccated, mildly bulging
7  L4-L5 disk resulting in moderate, left greater than right, lateral recess stenosis likely affecting the
8  bilateral L5 nerve root."  AT 17, 112, 145.  Dr. Manhart also observed a small annular tear at the
9  L5-S1 level.  AT 145.  Evidence of nerve root compression characterized by neuro-anatomic
10 distribution of pain is demonstrated by the MRI and the positive straight leg testing found by Dr.
11 Manhart as well as the complaints of pain documented by Dr. Manhart and treating physicians.
12 AT 103, 108, 109, 145, 147, 199.  Dr. Manhart also found limitation of motion of the spine, as
13 did other treating physicians.  AT 103, 145, 147, 199.  Dr. Manhart further documented motor
14 loss accompanied by sensory or reflex loss, and found "mild weakness at the left great toe and
15 left ankle plantar flexor . . .absent left ankle jerk reflex and decreased sensation in the left L5-S1
16 dermatomes."  AT 148.  Finally, Dr. Manhart assessed positive straight leg raising test on the left
17 side in both the sitting and supine positions.  AT 147.  Because the record demonstrates plaintiff
18 meets each of the requirements for Listing 1.04A, plaintiff is irrebuttably presumed disabled.

19 The remaining question is whether to remand this case to the ALJ or to order the
20 payment of benefits.  "The decision whether to remand the case for additional evidence or simply
21 to award benefits is within the discretion of the court."  Stone v. Heckler, 761 F.2d 530, 533 (9th
22 Cir. 1985).  Generally, the court will direct the award of benefits "in cases where no useful
23 purpose would be served by further administrative proceedings or where the record has been
24 thoroughly developed."  Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399
25 (9th Cir. 1987).  Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a
26 treating or examining physician, [the court] credit[s] that opinion as a matter of law."  Lester v.

Chater, 81 F.3d 821, 834 (9th Cir.1995).  Here, the ALJ improperly disregarded the objective findings of Dr. Manhart, which establish that plaintiff meets Listing 1.04A and is therefore presumed disabled.  Accordingly, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted.

2. The Commissioner's cross-motion for summary judgment is denied.

3. This action is remanded to the Commissioner for immediate payment of benefits.

DATED:  September 25, 2007.

_____
U.S. MAGISTRATE JUDGE

006
bacha.ss